IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

      Plaintiff,                                No. CIV S-09-3525 GGH P

    vs.

D. FIELDS,
CORRECTIONAL OFFICER,

      Defendant.                            ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This action was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).[1]

\\\\\

---

[1] The instant complaint was originally filed in plaintiff's civil rights action currently pending before District Judge Samuel P. King, in Hunt v. Reyes et al., Civ. No. 08-00181 SPK P. In that action, Judge King denied plaintiff's Motion for Leave to File a Supplemental Complaint, without prejudice to plaintiff filing a separate action once the newly alleged factual allegations were administratively exhausted. Id., Docket No. 28, at pp. 4-5 (November 2, 2009). Plaintiff thereafter filed, in that action, the instant complaint and application to proceed in forma pauperis. Id., Docket Nos. 30, 31. Judge King struck the documents and directed the Clerk to file them in a new action. Id., Docket No. 32, at p. 1 (December 22, 2009). Plaintiff has also pursued similar issues in Hunt v. McKay et al., 04-0435 LKK JFM P.

1

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $5.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

"The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff claims that sole defendant Correctional Officer D. Fields has violated, and continues to violate, plaintiff's First Amendment right to file inmate grievances and pursue civil rights litigation. The complaint states that plaintiff was transferred from CSP-S's Facility B to Facility C in August 2007, as a non-gang-affiliated prisoner. Complaint ("Cmplt."), at ¶ 7. Defendant Fields was reassigned from Facility B to Facility C in January 2008.[2] In February or March 2008, Fields learned of plaintiff's non-affiliated status and, "with a retaliatory motive for Plaintiff filing past grievances and lawsuit against staff [,] added Plaintiff to C-Facility's 'list' as a Blood gang associate." Id. at ¶¶ 10, 24. As a result, plaintiff was included in a lockdown of Blood and Crip gang associates on April 22, 2008. Id. at ¶ 11. Plaintiff filed a grievance on April 25, 2008. Id. at ¶ 12. Plaintiff was again included in a lockdown of Blood gang associates

---

[2] Plaintiff pursues a similar claim against Fields in Hunt v. Reyes et al., Civ. No. 08-00181 SPK P, which is limited to facts preceding the reassignment of Fields from CSP-S's Facility B to Facility C. See n. 1, supra.

on June 3, 2008. Id. at ¶ 13. On July 1, 2009, pursuant to a second level review of plaintiff's grievance, the Warden "reviewed Plaintiff's central file and noted 'no known gang affiliation' documented on CDC Form 812," but concluded, inter alia, that Officer Fields "'can still document your suspected affiliation with the disruptive group Bloods.'" Id. at ¶ 14. "The Warden granted in part, that Plaintiff not be retaliated against for filing grievances and denied all other requests." Id.

Thereafter, on August 12, 2008, Fields was served with plaintiff's complaint and summons in Hunt v. Reyes et al., Civ. No. 08-00181 SPK P. Id. at ¶ 15. Plaintiff alleges that, in retaliation, Fields thereafter had plaintiff fired from his job assignment. Id. at ¶ 16. As a continuing result of Field's actions, plaintiff alleges that he has been and will continue to "[be] identified as a gang associate among the prison population; lost work, yard and outdoor exercise, visiting, phone and other privileges while [in] lockdown; and job-pay opportunities." Id. at ¶ 17. Plaintiff alleges that he remains vulnerable to future lockdowns and associated injuries and losses as a purported Blood associate . Id. at ¶ 28, 29. The complaint avers that Fields' actions "were retaliatory motivated to punish, silence or deter, and chill the effect of [plaintiff] Exercising his First Amendment rights to file prison grievances and pursue civil rights litigation in court," and "were not a reasonable exercise of prison authority and did not advance any legitimate penological interest." Id. at ¶ 26.

Plaintiff filed a further grievance on August 29, 2008. Id. at ¶ 18. He alleges, without exhibits or dates, that he has "fully exhausted all available administrative remedies." Id. at ¶ 19.

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite

4

apart from any underlying misconduct they are designed to shield." Rhodes v. Robinson, 408 F.3d 559, 567 (citations, internal quotations and footnote omitted) (9th Cir. 2005). Retaliatory actions by prison officials are cognizable under Section 1983. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt, 65 F.3d at 806.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner' protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, supra, 408 F.3d at 567-68 (fn. omitted). A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm. Id. at 568, n. 11. See also, Brodheim v. Cry, 584 F.3d 1262, 1269-1271 (9th Cir. 2009).

These authorities demonstrate that, assuming plaintiff has exhausted his administrative remedies, he states a colorable First Amendment claim against Fields pursuant to 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.00. All fees shall be collected and paid in accordance with this court's order to the Warden of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendant Fields;

1      4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a file-endorsed copy of plaintiff's complaint filed December 1, 2009 (Docket No. 1);

5. Within twenty-eight days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Fields; and

    d. Two copies of the endorsed complaint filed December 1, 2009.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon timely receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Rule 4, Federal Rules of Civil Procedure, without payment of costs.

SO ORDERED.

DATED: February 12, 2010

                    /s/ Gregory G. Hollows

                    GREGORY G. HOLLOWS
                    UNITED STATES MAGISTRATE JUDGE