IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

      Plaintiff,                    No. CIV S-09-3525 GGH P

      vs.

D. FIELDS,
CORRECTIONAL OFFICER,

      Defendant.                ORDER

                            /

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on December 11, 2009 and the court ordered service on defendant Fields, the sole defendant in the original complaint. On April 23, 2010, plaintiff filed a motion to amend and an amended complaint. Defendant filed an answer on June 2, 2010, that did not address the amended complaint. However, plaintiff was allowed to file an amended complaint as of right, prior to the filing of the answer. To expedite this case, the court will screen the amended complaint and for the reasons discussed below dismiss the amended complaint with leave to file a second amended complaint. If plaintiff chooses to file a second amended complaint, the court will review that complaint and issue any necessary orders concerning defendant's answer and issue a discovery and scheduling order.

\\\\\

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

1843 (1969).

Plaintiff states the same claims of retaliation against defendant Fields that the court found were cognizable from the original complaint and new claims against a new defendant, warden Walker. Plaintiff's claims against Walker involve his role in reviewing inmate appeals and as supervisor to Fields. Plaintiff contends that Walker partially granted plaintiff's appeal stating that plaintiff was not to be retaliated against for filing grievances. However, plaintiff alleges that Walker did not fully investigate the claims and prevent Fields from retaliating against plaintiff. Other than assuring plaintiff that he would not be retaliated against, plaintiff makes no allegations that Walker was involved. Plaintiff has not stated actionable claims against Walker regarding his actions in the grievance process or as Fields' supervisor. Plaintiff's amended complaint is dismissed with leave to file a second amended complaint with twenty-eight days from service of this order to provide more information regarding Walker's involvement.

Plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the nonexistence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra.

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 23, 2010 motion to amend is vacated;

2. The amended complaint is dismissed for the reasons discussed above, with

1  leave to file a second amended complaint within twenty-eight days from the date of service of
2  this order.  Failure to file a second amended complaint will result in a recommendation that
3  defendant Walker be dismissed and the case proceed on the original complaint.
4  DATED: June 7, 2010

                                          /s/ Gregory G. Hollows
                                          _____
                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

GGH: AB
hunt3525.amnd