IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

        Plaintiff,                    No. CIV S-09-3525 KJM GGH P

    vs.

D. FIELDS,

        Defendant.                <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are the following motions: (1) plaintiff's motion to file a second amended complaint (Doc. No. 30); (2) plaintiff's motion for sanctions (Doc. No. 33); (3) defendant's request to excuse her late compliance with the court's July 11, 2011 order granting in part plaintiff's motion to compel (Doc. No. 32); and (4) defendant's motion to strike plaintiff's motion for summary judgment as untimely, or, in the alternative, for an additional 30 days in which to file her own motion for summary judgment (Doc. No. 39).

        The undersigned will address each of these motions in turn.

**Background**

        The gravamen of this action, which is currently proceeding on the original complaint filed on December 11, 2009 (<u>see</u> Doc. Nos. 15, 17), is that defendant Fields violated

plaintiff's First Amendment right to file inmate grievances and pursue civil rights litigation.  The complaint reads that plaintiff was transferred to CSP-Sacramento's Facility C in August 2007 as a non-gang-affiliated prisoner, and that in February or March 2008, Fields retaliated against plaintiff for filing past grievances by adding him to C-Facility's list as a Blood gang associate. (Doc. No. 1, hereinafter "Complaint," at ¶¶ 7, 10, 24).   As a result, plaintiff was included in lockdowns of Blood and Crip gang associates in April and June 2008, and continues to suffer restrictions and hardships as a result of being identified as a gang associate among the prison population.  (Id. at ¶¶ 11, 13, 17).  Plaintiff further alleges that, after defendant Fields was served with plaintiff's complaint and summons in another legal action in August 2008, Fields retaliated by having plaintiff fired from his job assignment.  (Id. at ¶ 16).  Plaintiff alleges that, due to Fields' retaliatory actions, he remains vulnerable to future lockdowns and associated injuries as a purported Blood associate. (Id. at ¶¶ 28, 29).

On June 7, 2010, this court screened plaintiff's original complaint and amended complaint, and dismissed the amended complaint with leave to file a second amended complaint within 28 days.  (Doc. No. 15).  On September 1, 2010, after plaintiff failed to file a second amended complaint, the court dismissed defendant Walker with prejudice and directed that the case proceed on the original complaint.  (Doc. No. 18).

On July 26, 2010, this court entered a "Discovery and Scheduling Order," setting various deadlines for discovery and dispositive motions in this action.  (Doc. No. 16)  Discovery was to be completed by October 29, 2010, and dispositive motions were to be filed by January 28, 2011.  By order dated December 1, 2010, this court extended the discovery deadline, pursuant to plaintiff's unopposed motion, for an additional forty-five days, or through Tuesday, January 18, 2011.[1]  (Doc. No. 23)  Prior to the close of the extended discovery deadline, plaintiff

---

[1] Because the actual deadline fell on a weekend, the deadline is moved to the next court business day.  See Fed. R. Civ. Proc. 6(a)(1)(C).  In this case, the next weekday, Monday, January 17, 2011 was a court holiday, so the deadline is moved to Tuesday, January 18, 2011.

filed a motion to compel defendant's responses to discovery. (Doc. No, 24)

By order filed July 11, 2011, this court granted in part plaintiff's motion to compel, in which plaintiff had sought, among other things, a response to his request for an "Inmate Interview Form" completed when defendant allegedly interviewed plaintiff in February and March 2008. (Doc. No. 29) Defendant had initially responded that no such document could be located. See Doc. No. 27, p. 3. In response, this court noted:

> [D]efendant is a CDCR employee who... may be presumed to have a legal right to obtain the requested record upon demand. Moreover, the requested document is highly relevant to plaintiff's allegations .... Any interview that defendant conducted with plaintiff during this two-month period is likely to shed light on her basis for classifying him as a Blood gang associate (if indeed she did so), and may lead to the discovery of admissible evidence of retaliatory motive or lack thereof. Defendant does not maintain that the alleged interview never took place, nor that this particular document does not exist. If it does exist, it is not clear to the court why defendant would be unable to locate a document that presumably was filed as a matter of course in the prison's recordkeeping system. The court will therefore grant plaintiff's motion as to RFP No. 7 and instruct defendant to redouble her efforts to locate the document.

Doc. No. 29 at pp. 6-7. The supplemental responses were due on August 4, 2011.

In her request to respond to the court's order beyond time, defendant' counsel declares that she went to the California State Prison-Sacramento on August 2, 2011 "to review Plaintiff's central file, and to search for a copy of the interview notes that were completed during the lockdown in question." Doc. No. 32, p. 2, ¶ 5.

In her supplemental response, defendant again reports that she is unable to locate the requested document:

> Defendant has been unable to locate this document. Plaintiff, along with all other inmates in the unit, were [sic] interviewed following the incident that took place on February 7, 2008. Those documents were collected and maintained by the Facility Captain. A diligent search was conducted and those documents could not be located.

Doc. No. 38, Ex. B. The copy of the supplemental responses provided to the court is signed by

---

See Fed. R. Civ. Proc. 6(a)(6)(A).

counsel for the defendant.

      A.      Plaintiff's Motion to File A Second Amended Complaint (Doc. No. 30)

On June 7, 2010, this court dismissed plaintiff's first amended complaint with leave to amend the complaint within 28 days. On July 21, 2011, more than a year after expiration of the twenty-eight day period, plaintiff filed a motion for leave to file a second amended complaint. (Doc. No. 30.)

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course within: (A) 21 days after serving it, or (B) ... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave where justice so requires." Id.; see also E.D. Local Rule 220. Although the allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Having reviewed the amended pleading, the court concludes that justice does not require leave to amend in this instance, because the changes proposed by the plaintiff do not alter the underlying gravamen of the suit. The proposed second amended complaint does not add any additional defendants or legal causes of action. Instead, plaintiff "seeks to clarify and simplify the factual allegations contained in the original complaint," based in part upon what he has learned in discovery. See Doc. No. 30, p. 4.

For example, plaintiff seeks to clarify that defendant is being sued in her official capacity, as well as in her individual one. The original complaint does not specifically articulate the capacity in which defendant is sued, a fact previously noted by this court in overruling defendant's custody and control discovery objections:

      In this case, plaintiff did not specify in what capacity he sued the defendant.

>However, he did ask for injunctive relief in the complaint, including relief which exceeded a simple order vis-a-vis the named defendant to restrain individual action .... Therefore, it can only be presumed that the defendant has been sued in her official capacity on account that the relief requested, at least in part, could not be obtained against a defendant in individual capacity status.

Doc. 29, p. 5.

Thus this action continues to proceed on the original complaint, as outlined in the June 7, 2010 order.

>>B. Defendant's Request to Respond to the Court's Order, Issued July 11, 2011, Beyond Time (Doc. No. 32) and Plaintiff's Motion for Sanctions (Doc. No. 33)

Plaintiff seeks sanctions, pursuant to Federal Rule of Civil Procedure 37, for defendant's failure to comply timely with the court's July 11, 2011 order granting in part and denying in part plaintiff's motion to compel discovery. Defendant has filed a request to excuse her late compliance with the court's order, explaining that, because of a mistake in counsel's office, the responses were not timely served.

Plaintiff's Reply, dated September 7, 2011 (Doc. No. 38), reads that plaintiff has now received supplemental responses to his request for admission, his request for production of documents, and his interrogatory requests. Plaintiff was served with the documents on August 26, 2011 and August 29, 2011, a delay of twenty-one and twenty-five days from the original due date of August 4, 2011. Nevertheless, plaintiff continues to seek sanctions (1) because the responses were late; and (2) because defendant did not produce any documents in its supplemental response to the plaintiff's request for documents.

Defendant's opposition to plaintiff's motion for sanctions does not address plaintiff's allegation that the supplemental response to the document request is insufficient in light of the court's prior order. See Doc. No. 34. However, defendant reports that her counsel has examined the file, and is unable to locate the requested documents. In light of defendant's efforts to produce the requested document, and her counsel's representation that the document is

5

not available, the court will not sanction defendant for her inability to comply with the court's prior order.

As to defendant's untimeliness in responding to the July 11, 2011 order, the court will not sanction defendant for the short delay occasioned by the errors in counsel's office. Plaintiff has now received the responses, and has not identified any specific harm related to the delay. Accordingly, defendant's request to excuse counsel's late compliance with the court's July 11, 2011 order (Doc. No. 32) is granted, and plaintiff's motion for sanctions (Doc. No. 33) is denied.

        C.      Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. No. 39)

Defendant seeks to strike plaintiff's motion for summary judgment, alleging that it is untimely filed pursuant to this court's July 26, 2010 scheduling order. The court notes that there has been at least one ordered modification of the schedule (Doc. No. 23), and that the defendant has only recently served plaintiff with supplemental discovery responses. Because defendant does not articulate any prejudice suffered by defendant as a result of the delay, the court will deny the motion to strike.

Defendant's motion to strike plaintiff's motion for summary judgment as untimely is denied. Defendant's request for 30 days to oppose plaintiff's motion and to file a cross motion for summary judgment is granted.

Any opposition and/or cross-motion for summary judgment by defendant shall be filed within 30 days of the filing date of this order. Any additional briefing on the motion(s) for summary judgment must be done in compliance with Local Rule 230(l).

Accordingly, it is hereby ORDERED that:

(1)    Plaintiff's motion to file a second amended complaint (Doc. No. 30) is denied;

(2)    Plaintiff's motion for sanctions (Doc. No. 33) is denied;

(3) Defendant's Request to Respond to the Court's Order Issued July 11, 2011 Beyond Time (Doc. No. 32) is granted; and

(4) Defendant's motion to strike plaintiff's motion for summary judgment as untimely (Doc. No. 39) is granted in part and denied in part.

The court shall address the remaining, pending motion for summary judgment (Doc. Nos. 35, 36, 37) after completion of briefing on the motion and any cross-motion for summary judgment by defendant.

DATED: October 24, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
hunt3525.mts.wpd