IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

              Plaintiff,                              No. CIV S-09-3525 KJM GGH P

      vs.

D. FIELDS,

              Defendant.                        <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief
pursuant to 42 U.S.C. § 1983.  In his complaint, plaintiff alleges that defendant Fields retaliated
against him for exercising his First Amendment right to file grievances and pursue civil rights
litigation.  Pending before the court is defendant's motion to review documents in camera and to
file them under seal (Doc. No. 49).  According to defendant, the documents are from the
confidential section of defendant's central file, and submitted in support of defendant's motion
for summary judgment.  <u>See</u> Doc. No. 49 at 1.

        Also pending before the court is plaintiff's motion to strike the documents,
arguing that the evidence is irrelevant and prejudicial.  <u>See</u> Doc. No. 52.

        Plaintiff is also the plaintiff in another civil rights action filed in this court, Case
No. 2:08-cv-0181 MCE CKD P.  The 2008 action involves similar claims by plaintiff based on

1

1   many of the same events covered by the instant case.  On July 9, 2012, the magistrate judge in

2   plaintiff's 2008 action decided a similar motion filed by defendants to review documents in

3   camera and to file them under seal.  See 2:08-cv-0181, Doc. No. 77.  In the July 9, 2012 order,

4   the magistrate judge granted defendant's motion to seal in part.  While the magistrate judge

5   ordered some of defendant's exhibits sealed, she also directed that a January 27, 2007 chrono

6   marked "confidential" be filed and served on plaintiff.  See id..  Defendant has filed the January

7   27, 2007 chrono in the 2008 action.  See Doc. No. 80.

8          A review of the documents submitted in camera in the instant motion reflects that

9   the defendant seeks to seal, among other things, the January 27, 2007 chrono now filed by

10  defendants in the 2008 action.

11          Relevant Authority

12          Most courts recognize a presumption of public access to court records based on

13  common law and First Amendment grounds.  The public therefore normally has the right to

14  inspect and to copy documents filed with the court.  See, e.g., Nixon v. Warner Comm., Inc., 435

15  U.S. 589, 597-98, 98 S.Ct. 1306, 1312 (1978).  However, public access may be denied where the

16  court determined that court-filed documents may be used for improper purposes.  See Nixon, 435

17  U.S. at 598; Hagestad v. Tragesser, 49 F.3d 1430, 1433-34 (9th Cir. 1995).  Courts should

18  consider "the interests advanced by the parties in light of the public interest and the duty of the

19  courts."  Hagestad v. Tragesser, 49 F.3d at 1434 (quoting Nixon, 435 U.S. at 602).  The Supreme

20  Court has acknowledged that the decision to seal documents is "one best left to the sound

21  discretion of the trial court, a discretion to be exercised in light of the relevant facts and

22  circumstances of the particular case."  Nixon, 435 U.S. at 599.  After taking all relevant factors

23  into consideration, the district court must base its decision on a compelling reason and articulate

24  the factual basis for its ruling, without relying on hypothesis or conjecture.  Hagestad, 49 F.3d at

25  1434.  See also In re Midland etc. v. Annuity Sales etc., __F.3d__, 2012 WL 3024192 (9th Cir.

26  2012) (in dispositive matter filings, compelling reasons must exist to justify sealing).

1           Local Rule 141 allows the court to seal documents only upon a written order.

2  L.R. 141(a).  Generally, the contents of such documents are of a nature that require the court to

3  maintain the confidentiality of the document.  For example, the contents may reveal information

4  that may jeopardize the safety of a particular individual.

5           <u>Defendant's Motion</u>

6           Defendant moves the court to review <u>in camera</u> and to file under seal "for seventy

7  five years" documents marked as Exhibit B to Defendant's Statement of Undisputed Facts,

8  consisting of 16 consecutively-numbered pages.  In conjunction with the instant motion,

9  defendant has submitted hard copies of these documents for the court's <u>in camera</u> review.  <u>See</u>

10  Doc. No. 49.

11           Defendant describes the documents as documents from the confidential section of

12  plaintiff's central file.  <u>See</u> Doc. No. 49 at 2.  Defendant further explains that

> [p]laintiff Hunt's claims against Defendant Fields in this action are based on the allegation that he was improperly labeled an associated or affiliate of the Bloods disruptive group, causing him to be placed on lockdown. Defendant Fields has moved for summary judgment on the ground that Defendant was only one source of Plaintiff's placement on lockdown.  In considering the motion for summary judgment, Defendant requests that the Court review in camera all confidential documents from Hunt's central file....
> All the confidential documents provided information, deemed reliable by prison officials, that Hunt was associating with known members of the Bloods disruptive group, and affiated [sic] with that group.  And those documents contain information from prison inmates, whose safety would be placed in serious jeopardy if their identity were known by Hunt or any other inmates.

Doc. No. 49 at 2.

<u>Analysis</u>

           The court will not seal case documents or exhibits from public view without, in this case, compelling reasons.  Defendant represents that the prison inmates who provided the documented information would be in danger if plaintiff or any other inmate knew their identity. Having reviewed the documents, the court finds this to be a plausible concern as to pages 2 through 12, and pages 14 through 16.  These pages are confidential memorandum and interviews

1    dating from 2000, 2005, and 2007 which name and describe inmates who are members and

2    associates of different gangs at CSP-Sacramento.  Defendant's concern represents a compelling

3    reason to seal.

4           Page 1 is a declaration of the Custodian of Central Record Files.  Page 13 is the

5    January 27, 2007 chrono already filed in plaintiff's 2008 action.  As noted in the magistrate

6    judge's July 9, 2012 order, filed in the 2008 action, this page does not name or describe any

7    particular inmate, and does not cite any information from confidential sources.  Instead, it

8    documents plaintiff's claim that he "is a non-affiliated inmate."

9           In light of defendant's attestation and given that in camera review is a permissible

10   method of determining the reliability of information used to classify plaintiff as gang-affiliated,

11   the court will grant defendant's motion to seal 15 pages, comprising pages 1 through 12 and

12   pages 14 thorough 16 of defendant's Exhibit B.  See Zimmerlee v. Keeney, 831 F.2d 183, 186-87

13   99th Cir. 1987).  It is the practice of this court to maintain case documents under seal for an

14   undermined period of time, until they are ordered unsealed by the court.  Accordingly, the court

15   shall partially grant defendant's motion and direct the Clerk of the Court to seal Exhibit B, pages

16   1 through 12, and pages 14 through 16, until they are ordered unsealed by the Court.  See Puente-

17   Hudson v. Adams, 2010 WL 1625758 at *2 (E.D. Cal. April 21, 2010) (same).

18                           Plaintiff's Motion to Strike

19          Plaintiff moves to strike the sealed documents, alleging that they are irrelevant

20   and prejudicial.  Because plaintiff's objections go toward the content of the evidence, as opposed

21   to whether they should be sealed, the court will address plaintiff's motion when it rules on the

22   parties' motions for summary judgment.

23          Accordingly, IT IS HEREBY ORDERED that

24          1.  Defendant's motion for the court to review documents and file them under seal

25   (#49)  is granted as to Exhibit B to defendant's Statement of Undisputed Facts, pages 1 through

26   12, and pages 14 through 16; and denied as to page 13.

2.  The Clerk of the Court is directed to seal the case documents submitted by defendants as Exhibit B to defendant's Statement of Undisputed Facts, pages 1 through 12, and pages 14 through 16, until they are ordered unsealed by the court.

3.  Defendant is to file and serve page 13 of Exhibit B to defendant's Statement of Undisputed Facts on plaintiff within 7 days of this order.

4.  On July 12, 2012, this court granted plaintiff twenty-one days to supplement his opposition, if he chose to do so, in light of the recent Court of Appeals' decision in Woods v. Carey.  See Doc. No. 55.  In order to allow plaintiff to address page 13 of Exhibit B, should he chose to do so, the court grants plaintiff an additional fourteen (14) days to file and serve his optional supplemental opposition.  Plaintiff is reminded that no extensions of this deadline shall be provided.

DATED: July 26, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
hunt3525.seal

5