UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HUNT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. FIELDS,<br><br>　　　　　Defendant. | Civ. No.  S-09-3525 KJM AC P<br><br><br>ORDER |

On October 17, 2013, the court conducted a final pretrial conference.  David M. Poore appeared for plaintiff Michael Hunt; Kelli M. Hammond appeared for defendant D. Fields.

After hearing, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331.  Jurisdiction and venue are not contested.

JURY/NON-JURY

The parties have requested a jury trial.

UNDISPUTED FACTS

1. Plaintiff Michael Hunt ("Hunt") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), who was housed at California State

/////

1

Prison-Sacramento ("CSP-Sac") during the events alleged in the complaint; defendant Fields ("Fields") is a Correctional Officer, employed by the CDCR.

2. In January 2008, Fields became Hunt's direct work supervisor on the recycling crew.

3. On January 25, 2008, Hunt filed a civil rights complaint, *Hunt v. Reyes*, Civ. No. S-08-0181 MCE CKD. This suit alleged that correctional personnel engaged in unlawful retaliation in violation of the First Amendment by designating Hunt as affiliated with the "Bloods" prison gang; Fields was named as a defendant in that suit.

4. On July 2, 2008, Cindy Scholl of the litigation office at CSP-Sac notified Fields that Hunt had named him as a defendant in *Hunt v. Reyes*.

5. On August 29, 2008, Hunt was removed from his work assignment on the recycling crew.

6. On August 29, 2008, Hunt filed a prison grievance, alleging he was fired from his job on the recycling crew in retaliation for his exercise of his First Amendment rights.

DISPUTED FACTUAL ISSUES

1. Whether Fields was responsible for removing Hunt from his job on the recycling crew.

2. If Fields was responsible, whether the action was retaliatory.

3. Whether Hunt was harmed as a result of the action.

4. Whether Hunt adequately exhausted his administrative remedies.

SPECIAL FACTUAL INFORMATION

None applicable.

DISPUTED EVIDENTIARY ISSUES

The court will decide any motions in limine on the morning of trial. Motions in limine are due by **January 6**, oppositions by **January 13**, and replies by **January 21, 2014**.

STIPULATIONS/AGREED STATEMENTS

None.

RELIEF SOUGHT

Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

/////

## POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

## ABANDONED ISSUES

None.

## WITNESSES

Plaintiff designates the following witnesses:

1. Michael Hunt;
2. D. Fields;
3. C. Scholl;
4. T. Virga;
5. N. Grannis;
6. Custodian of Records.

Defendant has designated the following witnesses:

1. Debra Fields;
2. Cindy Scholl;
3. T. Virga;
4. C.N. Drake;
5. K. McIntosh;
6. D. Rios;
7. Lt. J. Mayhew;
8. Cory McKay;
9. Michelle Borges or other custodian of records.

Each party may call any witnesses designated by the other.

/////

/////

/////

1      A.      The court will not permit any other witness to testify unless:

2            (1) The party offering the witness demonstrates that the witness is for the purpose

3            of rebutting evidence that could not be reasonably anticipated at the pretrial

4            conference, or

5            (2) The witness was discovered after the pretrial conference and the proffering

6            party makes the showing required in "B," below.

7      B.      Upon the post pretrial discovery of any witness a party wishes to present at trial,

8  the party shall promptly inform the court and opposing parties of the existence of the unlisted

9  witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.

10  The witnesses will not be permitted unless:

11           1. The witness could not reasonably have been discovered prior to the

12           discovery cutoff;

13           2. The court and opposing parties were promptly notified upon discovery

14           of the witness;

15           3. If time permitted, the party proffered the witness for deposition; and

16           4. If time did not permit, a reasonable summary of the witness's testimony

17           was provided to opposing parties.

18  <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

19      Plaintiff's exhibits are identified on attachment A. At trial, plaintiff's exhibits shall be

20  listed numerically. Plaintiff seeks to admit his central file, which is voluminous. The parties are

21  directed to meet and confer about the necessary documents from the central file to be offered at

22  trial.

23      Defendant's exhibits are identified on attachment B. At trial, defendant's exhibits shall be

24  listed alphabetically. The court encourages the parties to generate a joint exhibit list to the extent

25  possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

26      All exhibits must be premarked.

27  /////

28  /////

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial. Any objections to exhibits are due no later than fourteen days before trial.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

>    1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
>    2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

>    1. The exhibits could not reasonably have been discovered earlier;
>    2. The court and the opposing parties were promptly informed of their existence; and
>    3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

FURTHER DISCOVERY OR MOTIONS

None anticipated.

/////

AMENDMENTS/DISMISSALS

    None anticipated.

SETTLEMENT

    The parties have exhausted settlement negotiations.

MOTIONS IN LIMINE

    As noted above, the court will hear motions in limine on the first day of trial.

JOINT STATEMENT OF THE CASE

    The parties have agreed on the following joint statement to be read to the jury:

    This case is a civil rights action brought under the First Amendment to the United States Constitution. Plaintiff Michael Hunt, who is an inmate in the California Prison system, alleges that Defendant Fields, a Correctional Officer, unlawfully retaliated against him by removing him from his work assignment on the recycle crew, after he filed a civil action against her in federal court, in which he claimed that he was improperly classified as a member of the Bloods prison gang. Plaintiff seeks compensatory and punitive damages.

    Defendant Fields denies the allegations. She claims that she was not the person who transferred plaintiff out of his recycling job, but instead it was the Deputy Warden. She also claims that she engaged in no unlawful retaliation against plaintiff, and there is no evidence that plaintiff ever suffered any harm. Defendant further claims that plaintiff failed to adequately exhaust his administrative remedies prior to filing this action.

SEPARATE TRIAL OF ISSUES

    None requested.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

    Not applicable.

ATTORNEYS' FEES

    . Both parties seek fees, which will be addressed in post-trial motions.

ESTIMATED TIME OF TRIAL/TRIAL DATE

    Jury trial is set for **January 27, 2014** at 9:00 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller, with an eight member jury. Trial is anticipated to last two to

three days.  The parties are directed to Judge Mueller's trial schedule outlined at the "important information" link located on her web page on the court's website.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.   When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

MISCELLANEOUS

Trial briefs are due seven days before trial.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

DATED:  October 28, 2013.

_____
UNITED STATES DISTRICT JUDGE