UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HUNT, | Civ No. S-09-3525 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| D. FIELDS, | |
| Defendant. | |

Plaintiff Michael A. Hunt has filed an ex parte motion to relieve pro bono counsel David M. Poore and a separate motion for an order sanctioning Poore and Deputy Attorney General Kelli Hammond for alleged misstatements in their Joint Pretrial Statement. ECF Nos. 79, 80. Hammond has filed an opposition to the motion for sanctions.

I. BACKGROUND

In a prisoner civil rights complaint filed December 11, 2009, plaintiff alleged defendant Fields had plaintiff terminated from his job on the recycling crew in retaliation for a prior lawsuit naming Fields as a defendant, allegedly for falsely claiming plaintiff is a gang associate. ECF No. 1.

On December 19, 2011 defendant Fields moved for summary judgment on the ground that plaintiff had not exhausted administrative remedies among other things. ECF No. 45. On September 10, 2012, the magistrate judge recommended the motion be denied as to the

/////

1

exhaustion issue. ECF No. 58 at 15-18. This court adopted this recommendation on October 5, 2012. ECF No. 61.

On February 8, 2013, the magistrate judge appointed pro bono counsel David M. Poore to represent plaintiff. ECF No. 63.

On September 26, 2013, the parties filed their joint pretrial statement. ECF No. 70. The court issued the Final Pretrial Order on October 29, 2013. ECF No. 78.

Plaintiff filed the instant motions on December 5, 2013.

II. MOTION TO RELIEVE COUNSEL

Plaintiff asserts he has a conflict with Attorney Poore as a result of the alleged misstatements in the Joint Pretrial Statement that plaintiff believes harm his case. ECF No. 79 at 4.

Without determining that Attorney Poore committed any misconduct, the court nonetheless relieves him as counsel and substitutes plaintiff in pro per.

III. MOTION FOR SANCTIONS

Plaintiff alleges both counsel included incorrect statements in their Joint Pretrial Statements and asks for an order sanctioning them under Rule 11 of the Federal Rules of Civil Procedure.

Under Rule 11, by signing a document, an attorney certifies that (1) he or she has read the pleadings or motions he or she filed, and (2) the pleading or motion is "well-grounded in fact," has a colorable basis in law, and is not filed for an improper purpose. Fed. R. Civ. P. 11; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). The Rule requires that the lawyer undertake "an inquiry reasonable under the circumstances" to determine whether his or her legal contentions are "warranted by existing law" and that his or her factual claims either "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." Fed. R. Civ. P. 11(b). When considering apparent Rule 11 violations, the court utilizes an objective standard of reasonable inquiry, which does not require a finding of bad faith. *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 47 (1991); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986) (concluding that subjective bad faith is not an element under Rule 11), *overruled on other grounds*, *Cooter & Gell*, 496 U.S. at 399.

Plaintiff contends that counsel misspoke in three ways: in claiming the exhaustion of administrative remedies was a disputed issue of fact because, in plaintiff's view, the exhaustion

2

question has been resolved by motion practice; in describing the basis for his prior lawsuit; and in recounting plaintiff's request for injunctive relief.  ECF No. 80 at 4-6.

First, even though the court rejected Fields' pretrial attack on the exhaustion of administrative remedies, exhaustion is an affirmative defense that may be raised at trial. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnston v. Maha*, 460 Fed. App'x 11, 15 n.3 (2d Cir. 2012).

Second, counsels' characterization of *Hunt v. Reyes*, No. 2:08-cv-1181 MCE CKD, is supported by a reading of the complaint in that case.  *See* Docket 2:08-cv-1181, ECF No. 36 ¶ 22 ("On February 16, 2007, Defendant Fields placed a CDCR 128G General Chrono, gang update, in Plaintiff's central file that she had observed Plaintiff for the past two years associating with Blood gang members, and specifically, on February 14 and February 21, 2007, associating with Blood gang members, and based upon those dates, she concludes that Plaintiff is an associate of the Blood disruptive group.").

Third, in the joint pretrial statement, counsel asserted that plaintiff's claim for injunctive relief included a request for removal of the gang affiliation records from plaintiff's central file.  ECF No. 70 at 3.  Plaintiff contends his request for injunctive relief was limited to an order preventing further retaliation, prohibiting defendants from removing inmates from work assignments without procedural protections, and establishing a more robust policy for investigation of inmates' claims of retaliation.  ECF No. 80 at 5.  However, his complaint includes the request that an order of injunctive relief include an order prohibiting "defendant from adding Plaintiff to any gang list or identifying Plaintiff as a gang associate without a proper validation procedure."  ECF No. 1 ¶ 30.  Counsels' statement is not significantly different from this request so as to warrant sanctions.  Moreover, the Pretrial Order does not incorporate counsels' description of plaintiff's request for injunctive relief.  ECF No. 78 at 2-3.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to relieve counsel, ECF No. 79, is granted and David M. Poore is relieved as counsel; and

2. Plaintiff's motion for sanctions, ECF No. 80, is denied.

Dated:  December 25, 2013.

_____
UNITED STATES DISTRICT JUDGE