UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HUNT, | No. 2:09-CV-3525 KJM AC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| D. FIELDS, | |
| Defendant. | |

On January 30, 2014, the jury returned a verdict in favor of plaintiff, finding defendant Fields had removed him from his job on the prison recycling crew in retaliation for his naming her as a defendant in a prior lawsuit, and awarding him $1000 in compensatory damages. ECF No. 120. The jury did not find plaintiff was entitled to punitive damages. *Id*.

On February 20, 2014, plaintiff filed a motion for judgment and injunctive relief, a motion for a judgment as a matter of law, and a motion for a new trial on punitive damages, ECF Nos. 123-125. Defendant has opposed plaintiff's motions for a new trial and for a judgment as a matter of law. ECF No. 126.

After considering the parties' arguments, the court DENIES the motions.

I. MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF No. 123)

Plaintiff asks the court to enter declaratory and injunctive relief as requested in the complaint. ECF No. 123 at 1; *see also* Complaint, ECF No. 1 at 9 (requesting a "declaratory

1

1    judgment" and "Injunctive Relief as requested").  He argues that without the requested relief,
2    there is nothing to stop defendant or those acting on her behalf from retaliating against him for
3    this or any other lawsuit.  He notes defendant's trial testimony that she had not received formal
4    training about inmates' right of access to the courts and the evidence suggesting she would not be
5    subject to discipline for impeding plaintiff's access to the courts.  He concludes that the damage
6    to his First Amendment rights is sufficient irreparable injury to justify the entry of an injunction.

7          A.  Injunctive Relief

8    Injunctive relief is an extraordinary remedy that may only be awarded upon a clear
9    showing that the moving party is entitled to such relief; it is never ordered as of right.  *Winter v.*
10   *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "To seek injunctive relief, a plaintiff must
11   show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the
12   threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to
13   the challenged action of the defendant; and it must be likely that a favorable judicial decision will
14   prevent or redress the injury."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

15   Under federal law, past injury by itself does not establish standing.  *Lopez v.*
16   *Candaele*, 630 F.3d 775, 785 (9th Cir. 2010); *Mayfield v. United States*, 599 F.3d 964, 970 (9th
17   Cir. 2010)  ("Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can
18   show that he faces a 'real or immediate threat . . . that he will again be wronged in a similar
19   way.'" (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983))).  Instead, the plaintiff
20   must show "'an injury that is actual or imminent, not conjectural or hypothetical.  In the context
21   of injunctive relief, the plaintiff must demonstrate a *real or immediate threat* of an irreparable
22   injury.'"  *Hangarter v. Provident Life & Acc. Ins. Co*. 373 F.3d 998, 1021 (9th Cir. 2004)
23   (emphasis in original) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001)).
24   Neither speculation nor subjective apprehension about possible harm establishes standing.
25   *Mayfield*, 599 F.3d at 970.

26   Plaintiff does not allege he is facing any imminent injury but only that without an
27   injunction, there is nothing to stop Fields or those acting on her behalf from retaliating against
28   him.  Moreover, he has not alleged Fields acted in conformance with a policy nor shown a pattern

of retaliatory acts. *Cf. Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001). His fear of future injury, even coupled with the past injury, is not a sufficient basis for injunctive relief.

### B. Declaratory Relief

Under 28 U.S.C. § 2201, a court may "declare the rights and other legal relations" of the parties to an actual controversy. "The Declaratory Judgment Act gives the Court the authority to declare the rights and legal relations of interested parties, but not a duty to do so." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008). When the relief sought "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate proceedings and afford relief from uncertainty and controversy faced by the parties," a court need not grant declaratory relief. *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

Moreover, as with injunctive relief, a person seeking declaratory relief must "show a very significant possibility of future harm; it is insufficient for [him] to demonstrate only a past injury." *San Diego Cnty Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996); *Mayfield*, 599 F.3d at 969 ("[A] plaintiff who has standing to seek damages for a past injury, or injunctive relief from an ongoing injury, does not necessarily have standing to seek prospective relief such as a declaratory judgment.").

Plaintiff has not shown that a declaratory judgment will "afford relief from uncertainty and controversy faced by the parties": the only controversy in this case was whether defendant had retaliated against plaintiff on a single occasion. Moreover, as noted above, he has not shown "a very significant possibility of future harm."

The request for the entry of a declaratory judgment is denied.

II. MOTIONS FOR JUDGMENT AS A MATTER OF LAW AND FOR A NEW TRIAL (ECF Nos. 124 & 125)

Plaintiff argues he is entitled to a judgment as a matter of law (JMOL) on punitive damages because the jury did not reach the issue and because the verdict was contrary to the weight of the evidence at trial. ECF No. 124. He also argues he is entitled to a new trial on

/////

3

punitive damages because the jury instruction on punitive damages failed to include the necessary intent element. ECF No. 125.

    A. Standards

Federal Rule of Civil Procedure 50(b) governs renewed motions for judgment as a matter of law, raised after the denial of a Rule 50(a) motion made during trial and provides that the court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." In rendering its decision on a Rule 50 motion, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Lakeside–Scott v. Multnomah Cnty.*, 556 F.3d 797, 802 (9th Cir. 2009); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). The court must not weigh the evidence or make credibility determinations. *Reeves v. Sanderson Pluming Products, Inc*., 530 U.S. 133, 150 (2000).

"The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs*, 443 F.3d at 1062. "The verdict will be upheld if it is supported by substantial evidence, 'even if it is also possible to draw a contrary conclusion.'" *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1067 (9th Cir. 2011) (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). However, judgment as a matter of law "is appropriate when the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott*, 556 F.3d at 803.

Under Federal Rule of Civil Procedure 59(a)(1), the court may grant a new trial "on all or some of the issues ... (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Because "rule 59 does not specify the grounds on which a motion for a new trial may be granted," district courts must look to "grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc*., 339 F.3d 1020, 1035 (9th Cir. 2003). These include a verdict that is contrary to the weight of the evidence or is based on false or perjurious evidence; an excessive award of damages; or unfairness to the to the moving party. *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 729 (9th Cir. 2007). A court may order a new trial if an erroneous evidentiary ruling substantially prejudiced a party or if its

instructions were erroneous or inadequate. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008); *Jazzabi v. Allstate Ins. Co*., 278 F.3d 979, 985 n.24 (9th Cir. 2002). "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court." *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990). Even though in the Rule 59 context "the trial court may weigh the evidence and credibility of the witnesses," it should not grant a new trial "merely because it might have come to a different result from that reached by the jury." *Roy v. Volkswagen of Am., Inc*., 896 F.2d 1174, 1176 (9th Cir. 1990) (internal quotation marks omitted).

When a party brings both a JMOL and a motion for a new trial, "the trial judge should rule on the motion for judgment. Whatever his ruling thereon he should also rule on the motion for a new trial, indicating the grounds of his decision." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 253 (1940).

B. Punitive Damages and the Evidence

Punitive damages are available in a civil rights action only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Prison Legal News v. Babeu*, 933 F. Supp. 2d 1188, 1214 (D. Ariz. 2013), *affirmed by* __ F. App'x __ , 2014 WL 228942 (9th Cir. Jan. 22, 2014).

> [T[he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct.  We  have  instructed  courts  to  determine  the reprehensibility of a defendant by considering whether:  the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety  of  others;  the  target  of  the  conduct  had  financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident.  The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (internal quotation marks & citations omitted). In this case, defendant's acts did not cause physical harm or otherwise impact plaintiff's health and safety nor was there any evidence she had engaged in multiple acts

5

of retaliatory conduct.  While there was evidence that defendant did not follow the proper procedure for removing an inmate from a job assignment, there was also evidence that she did not do so directly in plaintiff's case, but rather was the catalyst for the actions that ultimately resulted in plaintiff's removal from his job on the recycling crew.  While there is a power disparity between the parties, if that were a sufficient basis for a finding of reprehensibility, all successful inmate plaintiffs would be entitled to punitive damages.  That cannot be the rule.  *Compare Ramirez v. Ferguson*, 2011 WL 1157997, at *18 (W.D. Ark. Mar. 29, 2011) (punitive damages appropriate where deputies abused their power over unresisting inmate by spraying him with pepper spray, taking him to ground, restraining him and then lifting him by restraints and dropping him to ground while laughing and taunting).  Without downplaying the severity of any retaliation for an inmate's exercise of his right of access to the courts, in this case, viewing the evidence in the light most favorable to the verdict, the court declines to grant plaintiff's motion for a judgment as a matter of law.  Even after weighing the evidence, the court does not find plaintiff is entitled to a new trial on the issue of punitive damages, as it does not find the verdict on punitive damage to be against the weight of the evidence.

     C.  Punitive Damages and the Verdict

    Plaintiff alleges he is entitled to  a new trial on punitive damages because the jury did not actually address the issue on the verdict form.  ECF No. 125 at 2.  He  is incorrect:  the verdict form shows the jury foreman wrote "no" in response to question three, which was ". . . do you find plaintiff is entitled to punitive damages against defendant Fields?"  ECF No. 120 at 2.  Because the jury answered question three "no," they did not move to question four.  *Id*.

     D.  Punitive Damages and the Jury Instructions

    Relying on the Ninth Circuit's pattern jury instruction, the court instructed the jury as follows, in pertinent part:

> If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

/////

6

> The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.
>
> You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

ECF No. 116 at 20; Ninth Circuit Manual of Model Civil Jury Instructions, 5.5 Punitive Damages.

Plaintiff argues this jury instruction was inadequate because it did not inform the jury it could award punitive damages if it found Fields was motivated by evil motive or intent. *Smith*, 461 U.S. at 50. ECF No. 125 at 6.

Although a court has "substantial latitude" in formulating jury instruction, those instructions must correctly state the law and cover the issues raised at trial. *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Brewer v. City of Napa*, 210 F.3d 1093, 1997 (9th Cir. 2000). When an instruction is challenged, the court must consider the instructions as a whole to determine whether they were "misleading or inadequate to guide the jury's deliberations . . . ." *United States v. Johnson*, 680 F.3d 1140, 1147 (9th Cir. 2012) (citation omitted). "'[U]se of a model jury instruction does not preclude a finding of error.'" *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) (quoting *United States v. Warren*, 984 F.2d 325, 328 (9th Cir. 1993)). However, harmless errors do not require a new trial. *Tritchler v. Cnty of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004).

In this case, plaintiff did not object to the court's instruction. Under Rule 51(d)(1), "a party may assign as error: (A) an error in an instruction actually given, if that party properly

/////

objected . . . ."  In the absence of a contemporaneous instruction, the court may "consider a plain error . . . if the error affects substantial rights."  FED. R. CIV. P.  51(d)(2).

Plaintiff has not shown there was error, or if there was error, that it affected substantial rights.  It is true the instruction on punitive damages did not explicitly mention evil intent or motive as a basis for finding punitive damages, but the definition of "malicious"— actions "accompanied by ill will, or spite, or . . . for the purpose of injuring the plaintiff"— adequately conveyed the idea of evil intent or motive.  Plaintiff is not entitled to a new trial because of jury instructional error.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for declaratory and injunctive relief, ECF No. 123, is denied;

2. Plaintiff's motion for a judgment as a matter of law, ECF No. 124, is denied; and

3. Plaintiff's motion for a new trial, ECF No. 125, is denied.

DATED: April 30, 2014.

_____
UNITED STATES DISTRICT JUDGE